Filed 9/3/25  P. v. Proctor CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAYSON DEWAYNE PROCTOR,<br><br>Defendant and Appellant. | C101383<br><br>(Super. Ct. No. CR20232880) |

Defendant Jayson Dewayne Proctor appeals from a judgment in which the trial court imposed the middle term of imprisonment.  He argues the court abused its discretion by failing to apply the lower term presumption under Penal Code[1] section 1170, subdivision (b)(6).  Finding no merit to this contention, we affirm.

### I.  BACKGROUND

In September 2023, defendant reached out to an account on Grindr, a grid-based location application used "for hookups."  The account was operated by a 31-year-old person who catches online predators for a living.  In his messages to defendant, that person

---

[1]  Undesignated statutory references are to the Penal Code.

pretended to be 15 years old. Defendant expressed interest in having oral and penetrative sex with the "15-year-old" and offered to teach him "everything about sex." After days of messaging, defendant arranged to meet him at a restaurant. When the person operating the decoy account saw defendant arrive, he called the police.

A jury found defendant guilty of communicating with or attempting to communicate with a minor with the intent to commit a sexual offense (§ 288.3, subd. (a)) and arranging a meeting with a minor for lewd purposes (§ 288.4, subd. (b)). Defendant waived his right to a jury trial on the aggravating circumstances. The trial court found true that defendant's prior convictions were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)), that defendant served a prior prison term (*id.*, rule 4.421(b)(3)), and that defendant's prior performance on parole or probation was unsatisfactory (*id.*, rule 4.421(b)(5)).

Prior to sentencing, defendant submitted a letter detailing his abusive childhood, which included sexual abuse. In his sentencing brief, defendant argued the trial court should impose the lower term under section 1170, subdivision (b)(6) because his experience of childhood sexual trauma and physical abuse were contributing factors in his commission of the offenses.

At sentencing, the trial court indicated it had "read [defense counsel's] initial defense brief, as well as the mitigating information related to Mr. Proctor that was submitted earlier this year." The court found the presumption of ineligibility for probation was not overcome and sentenced defendant to: (1) the middle term of three years for the section 288.4, subdivision (b) conviction; and (2) the middle term of one year (due to it being an attempt) for the section 288.3, subdivision (a) conviction, stayed pursuant to section 654. In explaining its reasons to defendant for denying probation, the court acknowledged "the facts of your very difficult upbringing, which I have no doubt all of that occurred in an absolutely horrible situation that you grew up in and I'm sure affected—I'm not sure, I'm pretty much certain it's affected your adult life. And there's some tragedy that has been brought upon

2

you that unfortunately forces you to bring onto our society and that's what the Court's left with, where things are today." While noting there was "no direct victim," the court told defendant it "had every reason to believe that you thought it was a real individual and you were prepared to engage with this fictional youth . . . it is very concerning. . . . [¶] . . . And, you know, the repeated messages that were sent, so I do find that on balance at this time, sir, unfortunately, you are a public danger, and so I don't believe the presumption of ineligibility has been overcome."

Defendant timely appealed.

## II. DISCUSSION

Defendant argues the trial court abused its discretion by failing to apply the lower term presumption under section 1170, subdivision (b)(6). We disagree.

Section 1170, subdivision (b)(6) provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

We review a trial court's sentencing decisions for abuse of discretion. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847.) In so doing, we presume the trial court was aware of and followed the applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), that it "considered all of the relevant factors" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and that it acted to achieve legitimate sentencing objectives (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377). "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]

In the absence of such a showing, the trial court['s] . . . discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony*, at pp. 376-377.)

We first note that, while defendant substantively argued he should be sentenced to the lower term under section 1170, subdivision (b)(6), he did not object at sentencing to the trial court's statement of reasons. Defendant has thus arguably forfeited any challenge to the adequacy of the court's statement. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 ["We conclude that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

But in any event, we reject defendant's claim on the merits. Defendant submits that the trial court "ignored" the lower term presumption. In support, defendant points to the fact that the trial court neither mentioned the presumption nor expressly found the presumption was overcome because "the aggravating circumstances outweigh[ed] the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice."

*People v. Caparrotta* (2024) 103 Cal.App.5th 874 is squarely on point with the present case. There, the defendant argued the trial court erred at sentencing because it failed to discuss or even reference the lower term presumption under section 1170, subdivision (b)(6). (*Caparrotta*, at p. 905.) The appellate court concluded the claim was meritless because "nothing in the record establishes that the trial court was unaware of its obligations under . . . section 1170, subdivision (b)(6) or that it failed to apply that provision. 'In the absence of evidence to the contrary, we presume that the court "knows and applies the correct statutory and case law." ' [Citation.] Thus, although the trial court did not specifically mention . . . section 1170, subdivision (b)(6), it is presumed to have known of the provision. Moreover, because Caparrotta highlighted . . . section 1170, subdivision (b)(6) in his sentencing memorandum, we presume that the trial court was aware Caparrotta was seeking to benefit from that provision." (*Ibid.*) In so holding, *Caparrotta*

4

rejected the argument that "the trial court must expressly state, using the statutory language, that as a result of weighing the applicable factors, it has concluded that 'imposition of the lower term would be contrary to the interests of justice.' " (*Id*. at p. 906, fn. 14.)

We reach the same result here. The record indicates the trial court had reviewed defendant's sentencing brief and thus was aware defendant argued for the lower term under section 1170, subdivision (b)(6). Further, the court was aware of defendant's experience with childhood abuse, as the court addressed defendant's "difficult upbringing" when pronouncing sentence. Although the trial court did not explicitly say so, we infer that the trial court properly understood its discretion and found the aggravating circumstances outweighed the mitigating circumstances such that imposing the lower term would not be in the interests of justice. (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it"].)

### III. DISPOSITION

The judgment is affirmed.


/s/
WISEMAN, J.*

We concur:


/s/
EARL, P. J.


/s/
ROBIE, J.

--------

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.